UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROSS H. BRIGGS, | ) |
| | ) |
|    Petitioner, | ) |
| | ) |
|    vs. | )   Case No. 4:15-CV-1204-CEJ |
| | ) |
| HON. CHARLES E. RENDLEN, III, | ) |
| in his official capacity as Judge of | ) |
| the U.S. Bankruptcy Court for the | ) |
| Eastern District of Missouri, et al., | ) |
| | ) |
|    Respondents. | ) |

## MEMORANDUM AND ORDER OF DISMISSAL

On August 6, 2015, petitioner Ross H. Briggs filed a petition for a writ of prohibition. This matter is before the Court *sua sponte* for a determination of whether it has subject matter jurisdiction.

**I.  Background**

According to the petition, Briggs is counsel of record for debtors in several bankruptcy cases pending in the United States Bankruptcy Court for the Eastern District of Missouri. On July 22, 2015, the bankruptcy court entered a "Notice Regarding the Court's Intent to Impose Sanctions, Issue Directives, and/or Make Disciplinary Referrals" based on Briggs's conduct in proceedings before the bankruptcy court. The Notice contains a number of terms, including a voluntary six-month suspension of the privilege to practice in the bankruptcy court, limitations on Briggs's representation of clients, and attending a continuing legal education program on ethics. The Notice further provides that Briggs is not obligated to agree to the proposed terms and that he could file a response explaining why he believed the terms or any proposed sanction would be improper.

Finally, the Notice states:

**The Court will carefully consider whatever response he [Briggs] may file. However, if the Court determines that sanctions, directives and/or referrals are proper, the Court will not be limited to the terms outlined above.**

In the instant petition, Briggs seeks writ of prohibition to prevent the bankruptcy court from issuing sanctions. For the reasons discussed below, the Court finds that it lacks subject matter jurisdiction.

## II. Discussion

"It is a verity that federal courts are courts of limited jurisdiction. Parties may not enlarge that jurisdiction by waiver or consent." *Arkansas Blue Cross & Blue Shield v. Little Rock Cardiology Clinic, P.A.*, 551 F.3d 812, 816 (8th Cir. 2009). Moreover, because federal courts have limited subject matter jurisdiction, a federal court faced with a situation in which "jurisdiction may be lacking" is required to "consider the jurisdictional issue sua sponte." *Bilello v. Kum & Go, LLC*, 374 F.3d 656, 659 (8th Cir. 2004).

While a district court has jurisdiction to review certain orders of the bankruptcy court, that is not the relief sought in the instant petition. Here, the bankruptcy court has not issued sanctions and—after considering Briggs's response to the Notice—may decide not to do so. *See Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1940 (2015) (describing the various mechanisms by which a District Court reviews proceedings of a Bankruptcy Court); *Executive Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165, 2172 (2014).

Briggs's request for a writ of prohibition does not in itself establish subject matter jurisdiction. A writ of prohibition is simply a writ of mandamus by another

name. *See In re Union Elec. Co.*, 787 F.3d 903, 908 & n.4 (8th Cir. 2015). But Federal Rule of Civil Procedure 81(b) explicitly abolishes the writ of mandamus, providing that "relief previously available through [the writ] may be obtained by appropriate action or motion under these rules." And the Eighth Circuit has held that, "[r]elief in the nature of mandamus is confined to situations where it is in necessary aid of the court's jurisdiction." *Booker v. State of Ark.*, 380 F.2d 240, 242 (8th Cir. 1967) *abrogated on other grounds by Braden v. 30th Judicial Circuit Court*, 410 U.S. 484 (1973). Consequently, the Court cannot adjudicate the petition unless Briggs establishes an independent foundation of subject matter jurisdiction for which issuing a writ of prohibition might then be a necessary form of relief in aid of that jurisdiction.

Further, Briggs has established no such independent basis for subject matter jurisdiction. "The burden of establishing that a cause of action lies within the limited jurisdiction of the federal courts is on the party asserting jurisdiction." *Arkansas Blue Cross & Blue Shield*, 551 F.3d at 816; *see Great Rivers Habitat Alliance v. Fed. Emergency Mgmt. Agency*, 615 F.3d 985, 988 (8th Cir. 2010) (same). Briggs invokes the All Writs Act, codified at 28 U.S.C. § 1651(a), as the sole basis for asserting that subject matter jurisdiction exists. But it is axiomatic that the All Writs Act "is not an independent source of subject matter jurisdiction." *Arkansas Blue Cross & Blue Shield*, 551 F.3d at 820–21 (citations omitted). Therefore, Briggs has not met his burden to establish that the Court has subject matter jurisdiction in this action.

Finally, subject matter jurisdiction here is not imputed by jurisdiction over the bankruptcy proceedings about which Briggs complains.  That is so because the petition is a wholly separate case, an action distinct from the bankruptcy proceedings.  *See, e.g.*, *Oetting v. Norton*, No. 14-2380, 2015 WL 4620306, at *5 (8th Cir. Aug. 4, 2015) (on the issue of a party's standing in two separate actions, a court's valid subject matter jurisdiction over one action does not obviate the constitutional requirement to establish independent subject matter jurisdiction in a different action).  No subject matter jurisdiction is conferred by the fact that the prohibition petition implicates the bankruptcy proceedings.

Accordingly,

**IT IS HEREBY ORDERED** the petition for a writ of prohibition [Doc. #1] is **dismissed for lack of subject matter jurisdiction**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 11th day of August, 2015.